UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 16-789-ODW (KS)                                                                Date: February 5, 2016

Title     *Dwain Brazil v. Scott Kernan*

Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge

| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On February 4, 2016, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition").  According to the Petition, Petitioner is serving a 19 year and 4 month sentence in state prison resulting from his June 4, 2007 conviction in Los Angeles County Superior Court for three counts of assault with a firearm and one count of criminal threats.  (*See* Petition at 2, 12.)

Petitioner presents the following grounds for relief:  (1) the trial court violated California Penal Code ("Penal Code") § 654 in sentencing Petitioner; (2) defense counsel was ineffective for failing to raise the Penal Code § 654 issue; (3) appellate counsel was ineffective for failing to argue that defense counsel was ineffective for failing to raise the Penal Code § 654 issue; and (4) the trial court improperly relied on a misdemeanor conviction to support sentencing Petitioner to the upper term on the gun enhancement. (Petition at 12-20.)

Petitioner appealed his conviction to the California Court of Appeal, which denied relief on October 22, 2008. (*See* Petition at 2; *see also* Docket For Case No. B200248 at http://appellatecases.courtinfo.ca.gov).  Petitioner filed a Petition For Review to the California Supreme Court, which denied relief on January 14, 2009. (*See* Petition at 3; *see also* Docket For Case No. S168581 at http://appellatecases.courtinfo.ca.gov).  More than five years later, on September 23, 2014, Petitioner filed a state habeas petition in the Los Angeles County Superior Court. (Petition at 3-4.)  That petition was denied on October 8, 2014. (Petition, Exh. D.)  Petitioner filed a state habeas petition in the California Court of Appeal on January 26, 2015, which the court of appeal denied on February 11, 2015. (*See* Petition, Exh. E.)  Petitioner then

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 16-789-ODW (KS)                                         Date: February 5, 2016

Title     *Dwain Brazil v. Scott Kernan*

filed a state habeas petition in the California Supreme Court, which was denied on September 30, 2015.  (*See* Petition, Exh. F.)

Petitioner concedes that his conviction became final in 2009 and the Petition is "late," and he offers no justification for his delay.  (Petition at 12.)  The Court agrees that the Petition is facially untimely.  The Antiterrorism Effective Death Penalty Act of 1986 ("AEDPA") imposes a one year statute of limitations on claims challenging state court convictions or sentences.  28 U.S.C. § 2244(d)(2).  The limitation period runs from the latest of either the date on which the state court judgment became final by direct review or the expiration of time for seeking such review, or "the date on which any impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action."  *Id.*   Petitioner's conviction became final 90 days after the California Supreme Court denied Petitioner's Petition For Review – that is, in April 2009.  Petitioner waited another five years, however, to file his first state habeas petition, and he waited nearly seven years to file the instant Petition.  Thus, absent some basis for equitable tolling, the instant Petition is untimely and must be dismissed.

Accordingly, IT IS ORDERED that **Petitioner shall file a Response to this Order To Show Cause on or before March 7, 2016**.  To avoid dismissal, that response must contain specific factual allegations demonstrating the Petition's timeliness under 28 U.S.C. § 2244(d)(1), including, if relevant, any factual allegations that Petitioner is entitled to equitable tolling, *i.e.*, that extraordinary circumstances beyond his control made it impossible for him to commence this action within the required time.  *See, e.g.*, *Lakey v. Hickman*, 633 F.3d 782, 787 (9th Cir. 2011).  Petitioner shall support his factual allegations with competent proof, such as medical records and sworn declarations, whenever possible.

**Petitioner's failure to timely respond to this order will lead the Court to conclude that Petitioner does not intend to pursue this matter and the Court will recommend that the action be dismissed under Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 16-789-ODW (KS)            Date: February 5, 2016

Title  *Dwain Brazil v. Scott Kernan*

      If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document titled "Notice of Dismissal" in accordance with Rule 41(a)(1) of the Federal Rules of Civil Procedure.

                                                                            :
                                        **Initials of Preparer**      rh