# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DWAIN BRAZIL, | ) | NO. CV 16-789-ODW (KS) |
|     Petitioner, | ) | |
| v. | ) | ORDER ACCEPTING FINDINGS AND |
| | ) | RECOMMENDATIONS OF UNITED |
| SCOTT KERNAN, | ) | STATES MAGISTRATE JUDGE |
|     Respondent. | ) | |
| _____ | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), all of the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Magistrate Judge's Report and Recommendation ("Objections"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a *de novo* review of those portions of the Report to which objections have been stated.

The Court concludes that the arguments presented in the Objections do not affect or alter the analysis and conclusions set forth in the Report and accepts the findings and recommendations set forth in the Report with one amendment. Specifically, the Court amends the final paragraph on page 7 to read:

Accordingly, the Court finds that the commencement date for the purposes of AEDPA's one-year statute of limitations was the date on which the underlying judgment became final, April 15, 2009. *See* 28 U.S.C. § 2244(d)(1)(A). Based on that commencement date, Petitioner is not entitled to tolling under Section 2244(d)(2). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (the petitioner was not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended"). However, even if Petitioner received tolling during the period between the date Petitioner filed his first state habeas petition (September 23, 2014) and the date he filed the instant Petition (February 4, 2016), the Petition would remain untimely by more than four years.

Accordingly, IT IS ORDERED that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

DATED: June 9, 2016 _____
OTIS D. WRIGHT
UNITED STATES DISTRICT JUDGE